# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| LURLYN HENRY, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 6:21-cv-01455-PGB-LRH |
| | : | |
| v. | : | |
| | : | |
| MEDICAL DATA SYSTEMS, INC. | : | |
| d/b/a MEDICAL REVENUE SERVICE, | : | |
| | : | |
| Defendant. | : | |

## MEDICAL DATA SYSTEMS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Medical Data Systems, Inc. (hereinafter, "MDS" and "Defendant"), the Defendant in the above-referenced action and files this Answer and Affirmative Defenses in response to the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against MDS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

### THIRD AFFIRMATIVE DEFENSE

Any act or omission by MDS, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error

1

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, MDS would have no liability pursuant to 15 U.S.C. § 1692k(c).

## FOURTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

## RESERVATION OF DEFENSES

MDS reserves the right to assert additional defenses as discovery progresses.

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, MDS states as follows:

## JURISDICTION AND VENUE

1. The statement contained in Paragraph 1 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond. To the extent any response is required on the part of Defendant and to the extent that Paragraph 1 is construed to contain any factual allegation directed against MDS, such allegation is denied.

2. Defendant admits only that the correspondence at issue was sent to Plaintiff at an address within the State of Florida and that Defendant's principal place of business is located in within the State. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits only that the correspondence at issue was sent to Plaintiff at an address within the State of Florida. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## DEMAND FOR JURY TRIAL

7. Defendant admits that Plaintiff is demanding a trial by jury.

## FACTUAL ALLEGATIONS

8. Defendant admits to having attempted to collect an unpaid account owed by Plaintiff.

9. Defendant admits only that Plaintiff's creditor is Orlando Health Physician, Inc. Defendant lacks knowledge or information sufficient to form a belief as to the nature and purpose of the account at issue or how Plaintiff used said account.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that a purpose of its business is the collection of unpaid accounts and debts on behalf of its clients.

12. Defendant admits that a purpose of its business is the collection of unpaid accounts and debts on behalf of its clients.

13. Defendant admits that it regularly attempts to unpaid accounts and debts owed to its clients.

14. The allegations contained in Paragraph 14 of the Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. The statement contained in Paragraph 16 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.

17. The statement contained in Paragraph 17 of the Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.

18. Defendant admits that in certain circumstances it may be a "debt collector" as that term is defined by §1692a(6) of the FDCPA. Defendant lacks knowledge or information sufficient to form a belief as to whether it meets such definition as it pertains to the account at issue.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegation contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. Defendant denies having transmitted Plaintiff's personal information to a third party. The allegations contained in Paragraph 21 of the Complaint are denied.

22. MDS admits that collection correspondence was sent to Plaintiff in connection with an unpaid account. Defendant denies having transmitted Plaintiff's personal information to a third party.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. MDS admits that collection correspondence was sent to Plaintiff in connection with an unpaid account. Defendant denies having transmitted Plaintiff's personal information to a third party.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. MDS lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29. The statement contained in Paragraph 29 of the Complaint relates to a legal conclusion to which MDS is under no known obligation to respond. To the extent any response is required on the part of Defendant, MDS denies that Plaintiff has accurately and/or completely stated the law

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

## COUNT I

32. MDS realleges each of its preceding responses and affirmative defenses as though stated in full herein.

33. The statement contained in Paragraph 33 of the Complaint relates to a legal conclusion to which MDS is under no known obligation to respond. To the extent any response is required on the part of Defendant, MDS denies that Plaintiff has accurately and/or completely stated the law.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. Defendant denies that Plaintiff is entitled to any of the damages, costs, fees, and other relief contained in Paragraph 35 of the Complaint.

## COUNT II

36. MDS realleges each of its preceding responses and affirmative defenses as though stated in full herein.

37. The statement contained in Paragraph 37 of the Complaint relates to a legal conclusion to which MDS is under no known obligation to respond. To the extent any response is required on the part of Defendant, MDS denies that Plaintiff has accurately and/or completely stated the law.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. Defendant denies that Plaintiff is entitled to any of the damages, costs, fees, and other relief contained in Paragraph 39 of the Complaint.

40. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, MDS prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

    THE LAW OFFICES
      OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire, Bar #335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorney for Defendant*

400 S. Dixie Hwy #322
Boca Raton, Florida 33432
*Local Address*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via CM/ECF system on this 8th day of September, 2021 to:

>Jibrael S. Hindi, Esq.
>Thomas J. Patti, Esq.
>110 SE 6th Street, Suite 1744
>Fort Lauderdale, FL 33301
>jibrael@jibraellaw.com
>tom@jibraellaw.com
>*Attorneys for Plaintiff*

>/s/ Ronald S. Canter
>Ronald S. Canter, Esquire
>*Attorney for Defendant*